Counsel for Plaintiffs
McCarthy Weisberg Cummings, P.C.
2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL BAILEY, HILLARY MAGUIRE and DIANE KNEPP, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: __3:17-cv-142__ |
| DENNY'S BEER BARREL PUB, INC. d/b/a DENNY'S BEER BARREL PUB | **JURY TRIAL DEMANDED** |
| and | |
| DENNIS F. LIEGEY, SR. | *Electronically Filed* |
| and | |
| DENNIS F. LIEGEY, JR. | |
| Defendants. | |

## THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, RACHAEL BAILEY ("Ms. Bailey"), HILLARY MAGUIRE ("Ms. Maguire") and DIANE KNEPP ("Ms. Knepp," and collectively with Ms. Bailey and Ms. Maguire, "Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, McCarthy Weisberg Cummings, P.C., hereby file this Collective and Class Action Complaint ("Complaint") against DENNY'S BEER BARREL PUB, INC. d/b/a DENNY'S BEER BARREL PUB ("Denny's"), DENNIS F. LIEGEY, SR. ("Mr. Liegey, Sr."), and DENNIS F. LIEGEY, JR. ("Mr. Leigey, Jr.," and collectively with Denny's and Mr. Liegey, Sr. as "Defendants"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), as well as common law claims of conversion and unjust enrichment, as follows:

## PARTIES

### A.    Named Plaintiffs

1.    Ms. Bailey was employed as a server at Denny's from in or about April 2014 to in or about July 2017.   Ms. Bailey is a resident of the Commonwealth of Pennsylvania, residing at 702 Crozier Avenue, Clearfield,

Clearfield County, Pennsylvania. Ms. Bailey's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit A.

2.      Ms. Maguire was employed as a server at Denny's from in or about August 2013 to in or about May 2016. Ms. Maguire is a resident of the Commonwealth of Pennsylvania, residing at 2796 Deer Creek Road, Morrisdale, Clearfield County, Pennsylvania. Ms. Maguire's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit B.

3.      Ms. Knepp was employed as a server at Denny's from in or about November 2014 to in or about June 2017. Ms. Knepp is a resident of the Commonwealth of Pennsylvania, residing at 295 Lecontes Mills Road, Lecontes Mills, Clearfield County, Pennsylvania. Ms. Knepp's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit C.

4.      At all times relevant to this Complaint, Ms. Bailey, Ms. Maguire, Ms. Knepp, and all those similarly situated were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

B.    **Defendants**

5.    Denny's is a corporation formed under the laws of the Commonwealth of Pennsylvania, with a registered business address of 1423 Dorey Street, Clearfield, Clearfield County, Pennsylvania.

6.    At all times relevant to this Complaint, Denny's owned and operated a restaurant at 1452 Woodland Road, Clearfield, Clearfield County, Pennsylvania, doing business as Denny's Beer Barrell Pub.

7.    Mr. Leigey, Sr. is, on information and belief, a co-owner of Denny's, employed or otherwise engaged in a managerial capacity with Denny's, and a resident of the Commonwealth of Pennsylvania.

8.    Mr. Leigey, Jr. is, on information and belief, a co-owner of Denny's, employed or otherwise engaged in a managerial capacity with Denny's, and a resident of the Commonwealth of Pennsylvania.

9.    At all times relevant to this Complaint, Defendants have been an employer within the meaning of the FLSA, PMWA, and PWPCL.

10.    At all times relevant to this Complaint, Denny's has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11.    At all times relevant to this Complaint, Denny's has been an enterprise engaged in commerce or in the production of goods for commerce within

the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

12.    Denny's has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

13.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14.    The PMWA and PWPCL each provide for a private right of action to enforce their provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

15.    Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district, operate a business facility in this district, and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

16.    Plaintiffs were servers at Denny's and paid an hourly wage of less than $7.25 during the limitations period.

17.    The FLSA, related federal regulations, and Pennsylvania wage and hour laws permit an employer to utilize a tip credit to bring a tipped employee up to minimum wage, currently $7.25 per hour, provided that, among other things, the employer properly notifies the employee of its use of the tip credit, the employee's hourly wage and tips actually received equal at least minimum wage, and the employee retains all tips, with the exception of a valid tip pooling arrangement.

18.    Defendants utilized a tip credit with respect to Plaintiffs, and implemented a mandatory tip pooling arrangement for Plaintiffs.

19.    Defendants, however, violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws with respect to the application of such tip credit and the creation and application of the mandatory tip pool in the following ways:

a.    Defendants never provided Plaintiffs with the required notice regarding the tip credit and its application, including without limitation, any notice regarding the applicable provisions of the FLSA and Pennsylvania wage and hour laws, the amount of the tip credit, and Plaintiffs' rights under the FLSA and Pennsylvania wage and hour laws;

b.      Upon hiring, Defendants did not provide Plaintiffs with the required
notice regarding the tip pool, including the required tip pool
contribution amount and the specifics of its distribution amongst staff;

c.      During the four (4) years preceding this Complaint, and continuing,
the tip pool created by Defendants required servers to contribute a
certain percentage, which is 3.75% of net food sales to the kitchen
staff and 3.75% of net beverage sales to the bar staff for the shift.
This percentage was applied if there was a line cook, fry cook, grill
cook, setup cook, dishwasher and/or caterer manager in the kitchen
and if there was a bartender and/or bar manager in the kitchen present
for any portion of the shift without any regard to the number of such
employees that were present or the length of time such employees,
including managers, remained on the shift;

d.      The servers were required to make a "drop" into designated tip-out
envelopes for the kitchen staff and the bar staff, including managers,
based on the mandatory 3.75% calculated by Defendants;

e.      The tip pool, to which only the servers contributed, was then
distributed to amongst the kitchen staff and bar staff, many of whom
did not customarily and regularly receive tips, including but not
limited to, line cooks, fry cooks, grill cooks, setup cooks, dishwashers

and/or caterer managers, and bartenders and bar managers, and, upon information and belief, other members of management who qualify as an "employer" under the FLSA;

f.     There was no indication regarding the division of which types of staff were receiving the benefit of the tip-out for the kitchen staff and bar staff, but, regardless, during the entirety of the applicable limitations period the tip pool was distributed to employees who do not customarily and regularly receive tips, including for example, line cooks, fry cooks, grill cooks, setup cooks, dishwashers and/or caterer managers, and bartenders and bar managers, and, upon information and belief, other members of management who qualify as an "employer" under the FLSA;

g.     Employees were never notified regarding the specific tip pool procedures and application, just directed to allocate certain amounts of their tips into the tip-out envelopes for distribution amongst staff and management at the mandate of Defendants;

h.     Defendants required Plaintiffs to contribute amounts to the tip pool based on shortages and unpaid tabs, meals compensated by Defendants because they were either eaten and enjoyed by Defendants or eaten by another employee of Denny's, and/or meals that were

undercooked or overcooked, or otherwise objected to by the customer. Defendants also forced Plaintiffs into contributing 100% of their own money to make up for shortages and unpaid tabs, and/or meals that were undercooked or overcooked, or otherwise objected to by the customer.  Thus, Defendants forced Plaintiffs to contribute monies out of their own pockets to the tip pool, where no tip had been received by the employee;

i.      Defendants continually attempted to exert their influence and coercion to keep the exact nature and application of the tip pool secret, and Plaintiffs were repeatedly harassed by management if they questioned the legality of the tip pool and tip credit; and

j.      Defendants knew and were aware of their violations of the applicable laws regarding tip pools and application of the tip credit, and, in fact, have taken efforts to conceal such violations. Defendants' violations of the applicable laws are willful and malicious.

20.     Defendants have further willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through their failure to properly pay Plaintiffs and others similarly situated for all overtime hours they have worked.  In particular, Plaintiffs often worked in excess of forty (40) hours per week, and in such cases Defendants did not pay Plaintiffs additional compensation

of, at least, the legally mandated rate.  Specifically, Defendants forced Plaintiffs to work beyond their shift end time without pay.  Defendants knew and have been aware at all times that Plaintiffs regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

21.    In addition to the above violations of federal and state laws, Defendants' above actions constitute unlawful conversion because Defendants have improperly and intentionally diverted and retained monies owned by Plaintiffs.

22.    Further, in violation of federal and state laws, including without limitation, the FLSA and Pennsylvania wage and hour laws, Defendants did not post employees' rights posters and/or provide any required notices to employees regarding their rights under such laws.  These actions demonstrate Defendants' willful, malicious, and knowing violations of the federal and state laws addressed herein.

23.    Named Plaintiffs and other current and former employees are similarly situated to one another, shared similar duties and compensation, and were subject to the same tip pool and application of the tip credit.

24.    Named Plaintiffs and all similarly situated current and former employees were subjected to Defendants' common plan of depriving them of the proper minimum wage and overtime pay.

25.    With respect to Named Plaintiffs' FLSA claims, Named Plaintiffs

seek to represent a collective class (the "FLSA Class") that is comprised of and

defined as:

> All persons employed by Denny's Beer Barrel Pub, Inc. d/b/a Denny's
> Beer Barrel Pub ("Denny's") during the applicable statute of
> limitations period who contributed tips to the tip pool and/or were
> required to work more than forty (40) hours per week without being
> paid at overtime rates.

26.    This action is being brought as a collective action under the FLSA, 29

U.S.C. § 216(b) because Named Plaintiffs and the FLSA Class are similar in that

they all: (a) had similar duties; (b) performed similar tasks; (c) were required to

contribute to an illegal tip pool; (d) were subject to an illegal tip credit; (e) were

not paid the proper minimum wage; (f) were not paid overtime compensation; and

(g) were not subject to individualized circumstances that impact their right to

recover the damages sought herein.

27.    Named Plaintiffs bring the PMWA and PWPCL statutory claims, and

the common law claims for conversion and unjust enrichment, pursuant to Fed. R.

Civ. P. 23 on behalf of a class (the "State Class") defined as:

> All persons employed by Denny's during the applicable statute of
> limitations period who contributed tips to the tip pool and/or were
> required to work more than forty (40) hours per week without being
> paid at overtime rates.

28.    The State Class as defined above is identifiable.  The Named Plaintiffs

are members of the State Class.

29.     The State Class, upon information and belief, consists of dozens of individuals, both current and former employees of Defendants, and is thus so numerous that joinder of all members is impracticable.

30.     Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

31.     There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class.  The predominating common questions include, but are not limited to:

a.      Did Defendants maintain a tip pool;

b.      Did Defendants share tips from the tip pool with employees who are not permitted to share in tips;

c.      Did Defendants subsidize their wage obligations to non-tip earning employees with tips from the tip pool;

d.      Did Defendants take money from the tip pool for their own benefit;

e.      Did Defendants operate the tip pool in a way that violates the FLSA;

f.      Did Defendants operate the tip pool in a way that violates the PMWL;

g.      Did Defendants' failures to timely and fully pay employees all wages owed violate the PWPCL;

h.    Did Defendants' failure to pay employees all wages owed upon termination violate the PWPCL;

i.    Did Defendants' operation of the tip pool constitute conversion;

j.    Did Defendants' operation of the tip pool constitute unjust enrichment;

k.    Did Defendants improperly use and apply a tip credit in an attempt to comply with their minimum wage obligations;

l.    Did Defendants act willfully and maliciously in failing to pay the Federal Minimum Wage;

m.    Did Defendants act willfully, intentionally and not in good faith in failing to pay the Pennsylvania Minimum Wage;

n.    Did Defendants fail to pay overtime for all hours worked in excess of forty (40) hours per workweek;

o.    Did Defendants act willfully, intentionally, and maliciously in failing to pay overtime;

p.    Did Defendants accept and retain the benefit of the monies they required the Plaintiffs, FLSA Class, and State Class to pay into the tip pool?

32.    The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

33.    The claims of Named Plaintiffs are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

34.    Named Plaintiffs will fairly and adequately protect the interests of the FLSA Class and the State Class.  Plaintiffs, the FLSA Class, and the State Class have retained counsel experienced and competent in class actions and complex employment litigation.

35.    Named Plaintiffs have no conflict of interest with the State Class.

36.    Named Plaintiffs are able to fairly and adequately represent and protect the interest of the members of the FLSA Class and the State Class. Plaintiffs' counsel is competent and experienced in litigating class actions.

37.    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that

individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

38.    There are no unusual difficulties in the management of this case as a class action.

39.    The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked, tip pool contributions required and the basis for calculation of the contributions required (i.e. gross food and beverage sales), tip pool amounts actually contributed and distributed, and wages paid to members of the State Class.

## COUNT I

### VIOLATIONS OF THE FLSA
### (Minimum Wage)

40.    Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

41.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

42.    Plaintiffs, and others similarly situated, are "employees" covered by the FLSA, and Defendants are collectively and individually their "employer." Defendants, as Plaintiffs' employer, were and are obligated to pay Plaintiffs, and others similarly situated, an hourly wage at least equal to that of the Federal minimum wage, $7.25 per hour ("Federal Minimum Wage").

43.    As set forth above, Defendants utilized a mandatory tip pool to which Plaintiffs and others similarly situated contributed after each shift.  The mandatory tip pool implemented and enforced by Defendants violated, *inter alia*, the FLSA and related regulations (which include 29 U.S.C. §§ 203(m), 203(t), 206; 29 C.F.R. §§ 531.50 – 531.60).  The mandatory tip pool was illegal because: (1) it included employees, and, upon information and belief, members of management qualifying as an "employer" under the FLSA, who do not customarily and regularly receive tips; (2) it did not allow Plaintiffs to retain all tips received by them because of Defendants' unlawful use of the tip pool; (3) the nature and application of the tip pool was neither explained nor agreed to by Plaintiffs and other employees contributing to the tip pool; (4) Plaintiffs were required to contribute monies to the tip pool that were not considered "tips" under the FLSA and related regulations; and (5) Defendants failed to notify Plaintiffs and others similarly situated of their legal rights with respect to their tips and the tip pool.

44.    As set forth above, Defendants applied a tip credit to bring Plaintiffs' wages up to the Federal Minimum Wage.  Defendants have violated the FLSA and related regulations (29 U.S.C. §§ 203(m), 203(t), 206; 29 C.F.R. §§ 531.50 – 531.60, *inter alia*) with respect to the use and application of the tip credit for the reasons set forth in Paragraph 44 above.  Defendants further violated the FLSA by failing to provide Plaintiffs and others similarly situated with the required notice

regarding their use and application of the tip credit (*see* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b)); not permitting Plaintiffs to retain all tips received by them; and counting amounts that did not qualify as "tips" under the FLSA and related regulations as a tip received in applying the tip credit to Plaintiffs and others similarly situated.

45.    Based on Defendants' violations of the tip pooling and tip credit provisions of the FLSA and related regulations, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t) was not available to Defendants.  Therefore, Defendants paid Plaintiffs and others similarly situated substantially below the Federal Minimum Wage for all hours worked.  Defendants' failure and refusal to pay Plaintiffs the Federal Minimum Wage for all hours worked violates, *inter alia*, 29 U.S.C. §§ 206(a) and 215(a)(2).  Unpaid wages are, therefore, due and owing to Plaintiffs and others similarly situated in an amount to conform with the Federal Minimum Wage for all hours worked up to forty (40) per workweek and one-and-a-half times the Federal Minimum Wage for all hours worked in excess of forty (40) per workweek.

46.    Defendants' failure and refusal to pay the Federal Minimum Wage was willful and malicious.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, and all

those opting into this lawsuit, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

    (a)    Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

    (b)    Order Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Denny's employees who contributed to the tip pool and to whom Defendants applied a tip credit and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

    (c)    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former employees of Denny's who contributed to the tip pool and to whom Defendants applied a tip credit and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they contributed to the tip pool and received a tip credit in lieu of wages during the liability period;

(d)    Enter judgment in favor of Plaintiffs and all those opting into this lawsuit and against Defendants, jointly and severally, for violations of the FLSA's minimum wage requirements;

(e)    Award Plaintiffs and all those opting into this lawsuit their unpaid minimum wages and the amounts unlawfully contributed to the tip pool, in an amount to be shown at trial;

(f)    Award Plaintiffs and all those opting into this lawsuit an additional equal amount as liquidated damages;

(g)    Award Plaintiffs and all those opting into this lawsuit pre- and post-judgment interest at the legal rate;

(h)    Award Plaintiffs and all those opting into this lawsuit costs and reasonable attorneys' fees in bringing this action;

(i)    Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and minimum wage provisions of the FLSA; and

(j)    Award Plaintiffs and all those opting into this lawsuit any other relief this Court or a jury deems appropriate.

## COUNT II

### VIOLATIONS OF THE PMWA
### (Minimum Wage)

47.    Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

19

48.    Plaintiffs and the members of the State Class are "employees" and Defendants are each an "employer" covered by the PMWA.  Pursuant to the minimum wage provisions of the PMWA, Defendants were and are obligated to pay Plaintiffs and members of the State Class an hourly wage at least equal to that required by the PMWA, $7.25 per hour ("Pennsylvania Minimum Wage").   43 Pa.C.S. § 333.104(a.1).

49.    As set forth above, Defendants, by their conduct, were and are not entitled to apply a "tip credit" to Plaintiffs' and the State Class members' wages. Defendants further violated the PMWA through their failure to properly inform Plaintiffs and the State Class members of the applicable sections of the PMWA and through their actions, which have prevented Plaintiffs and the State Class members from retaining all tips received by them.  43 Pa.C.S. § 333.103(d).

50.    Thus, Defendants have paid Plaintiffs and the State Class members substantially below the Pennsylvania Minimum Wage for all hours worked. Defendants' failures and refusals to pay Plaintiffs and the State Class members the Pennsylvania Minimum Wage for all hours worked violates the PMWA.   43 Pa.C.S. § 333.104(a).  Unpaid wages are, therefore, due and owing to Plaintiffs and the State Class members.

51.    Defendants' failure and refusal to pay the Pennsylvania Minimum Wage was willful, intentional, and not in good faith.

20

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)     Certify Count II as a class action;

(b)     Enter judgment in favor of Plaintiffs and all members of the State Class and against Defendants, jointly and severally, for violations of the PMWA's minimum wage requirements;

(c)     Award Plaintiffs and all members of the State Class their unpaid minimum wages and the amounts unlawfully contributed to the tip pool and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all members of the State Class liquidated damages as provided under Pennsylvania law;

(e)     Award Plaintiffs and all members of the State Class pre- and post-judgment interest at the legal rate;

(f)     Award Plaintiffs and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

(g)    Enter an Order enjoining Defendants from future violations of the tip

pooling, tip credit, and minimum wage provisions of the PMWA; and

(h)    Award Plaintiff any other relief this Court or a jury deems

appropriate.

## COUNT III

**VIOLATIONS OF THE PWPCL**
**(Failure to Pay Wages by Improperly Withholding Tips**
**and Violating the FLSA and PMWA)**

52.    Plaintiffs incorporate all previous paragraphs of this Complaint herein

by reference as if more fully set forth at length.

53.    Defendants are each an "employer" as that term is defined under the

PWPCL, and are thereby subject to liability for wages, liquidated damages and

reasonable attorneys' fees for non-payment of salary and/or wages under the

PWPCL, 43 Pa.C.S. § 260.1, *et seq.*

54.    As set forth above, Defendants knowingly failed to pay Plaintiffs' and

State Class members' wages timely and upon termination of employment pursuant

to Sections 260.3(a) and 260.5(a) of the PWPCL.  Specifically, through the

improper tip pooling and tip credit arrangements, Defendants are not entitled to the

tip credit, defined under Pennsylvania law as a "wage," and, therefore, have failed

to pay Plaintiffs and State Class members their full wage regularly with each

paycheck and upon Plaintiffs' and any similarly situated State Class members' termination of employment.

55.    The total amount due to Plaintiffs and all State Class Members by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

56.    In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Plaintiffs and all State Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

57.    In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Plaintiffs and all State Class Members are entitled to reasonable attorneys' fees associated with this action.

58.    Defendants' failure to pay Plaintiffs' and State Class members' wages was not the result of any bona fide dispute.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)    Certify Count III as a class action;

(b)    Enter judgment in favor of Plaintiffs and all State Class members and against Defendants, jointly and severally, for failing to pay wages in violation of the PWPCL;

(c)    Award Plaintiffs and all State Class members liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(d)    Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)    Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(f)    Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

(g)    Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT IV

### VIOLATIONS OF THE FLSA
### (Overtime)

59.    Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

60.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

24

61.    Plaintiffs and others similarly situated are "employees" and Defendants are collectively and individually their "employer" covered under Section 203 of the FLSA.

62.    The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

63.    Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs.  29 U.S.C. § 213.

64.    As set forth above, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t), was not available to Defendants.  Without the benefit of the tip credit, Defendants failed to pay Plaintiffs and others similarly situated the proper overtime rate for hours worked in excess of forty (40) hours, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2).

65.    Further, even if Defendants had the benefit of the "tip credit," they still violated the overtime provisions of the FLSA as they failed to pay Plaintiffs the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Plaintiffs and others similarly situated.

66.     Defendants' failures to pay Plaintiffs overtime at one and one-half times (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

67.     Defendants violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

68.     Plaintiffs are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

69.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

70.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs.  Accordingly, Defendants are liable under 29 U.S.C. §

216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)     Certify Count IV as a collective action pursuant to 29 U.S.C. § 216(b);

(b)     Order Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Denny's employees who contributed to the tip pool and to whom Defendants applied a tip credit and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

(c)     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former employees of Denny's who contributed to the tip pool and to whom Defendants applied a tip credit and/or were required to work more than forty (40) hours per week without

being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they contributed to the tip pool and received a tip credit in lieu of wages and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period and/or were not paid overtime pay at the proper rate;

(d)    Enter judgment in favor of Plaintiffs and all those opting into this lawsuit and against Defendants, jointly and severally, for violations of the FLSA's overtime requirements;

(e)    Award Plaintiffs and all those opting into this lawsuit their unpaid overtime wages, in an amount to be shown at trial;

(f)    Award Plaintiffs and all those opting into this lawsuit an additional equal amount as liquidated damages;

(g)    Award Plaintiffs and all those opting into this lawsuit pre- and post-judgment interest at the legal rate;

(h)    Award Plaintiffs and all those opting into this lawsuit their costs and reasonable attorneys' fees in bringing this action;

(i)    Enter an Order enjoining Defendants from future violations of the overtime wage provisions of the FLSA; and

(j)    Award Plaintiffs and all those opting into this lawsuit any other relief this Court or a jury deems appropriate.

## COUNT V

### VIOLATIONS OF THE PMWA
### (Overtime)

71.    Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

72.    Defendants are each an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

73.    As set forth above, Defendants, by their conduct, were and are not entitled to apply a "tip credit" to Plaintiffs' and the State Class members' wages. Defendants further violated the PMWA through their failures to properly inform Plaintiffs and the State Class members of the applicable sections of the PMWA and through their actions, which have prevented Plaintiffs and the State Class members from retaining all tips received by them.  43 Pa.C.S. § 333.103(d)(1).

74.    Further, even if Defendants had the benefit of the "tip credit," they still violated the overtime provisions of the PMWA as they failed to pay Plaintiffs the required one and one-half times (1½) times for each hour worked in excess of

29

forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime

pay is, therefore, due and owing to Plaintiffs and others similarly situated.

75.    The PMWA requires that Defendants compensate Plaintiffs at a rate

of at least one and one-half (1½) times their usual hourly wage for each hour of

overtime. 43 Pa.C.S. § 333.104(c).

76.    The total amount of compensation due to Plaintiffs by Defendants

constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due

constitutes a violation of the PMWA.

77.    Defendants' failure and refusal to pay overtime wages was willful,

intentional, and not in good faith.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire

and Diane Knepp, individually and on behalf of all others similarly situated,

respectfully request that this Honorable Court enter Judgment in their favor and

against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub,

Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)    Certify Count V as a class action;

(b)    Enter judgment in favor of Plaintiffs and all members of the State

Class and against Defendants, jointly and severally, for violations of

the PMWA's overtime requirements;

(c)     Award Plaintiffs and all members of the State Class their unpaid overtime wages and the amounts unlawfully contributed to the tip pool and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all members of the State Class liquidated damages as provided under Pennsylvania law;

(e)     Award Plaintiffs and all members of the State Class pre- and post-judgment interest at the legal rate;

(f)     Award Plaintiffs and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

(g)     Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and overtime provisions of the PMWA; and

(h)     Award Plaintiff any other relief this Court or a jury deems appropriate.

## **COUNT VI**

**VIOLATIONS OF THE PWPCL**
**(Failure to Pay Full Overtime Wages)**

78.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

31

79.     Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

80.     Plaintiffs and all State Class members are entitled to be paid one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a). The failure to pay said wages constituting a violation of 29 U.S.C. § 215(a)(2).

81.     Defendants have failed to pay Plaintiffs and all State Class members one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendants have, therefore, failed to regularly pay Plaintiffs and all State Class members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL. Accordingly, wages in the form of overtime pay are due and owing to Plaintiffs and all State Class members pursuant to Section 260.3(a) of the PWPCL. Further, Defendants have violated the PWPCL through their failure to pay the Named Plaintiffs and other similarly situated State Class members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

82.     The total amount due to Plaintiffs and all State Class Members by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

83.     In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Plaintiffs and all State Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

84.     In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Plaintiffs and all State Class Members are entitled to reasonable attorneys' fees associated with this action.

85.     The wages withheld from Plaintiffs and all State Class members were not the result of any bona fide dispute.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

   (a)     Certify Count VI as a class action;

(b)    Enter judgment in favor of Plaintiffs and all State Class members and against Defendants, jointly and severally, for failing to pay wages in violation of the PWPCL;

(c)    Award Plaintiffs and all State Class members liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(d)    Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)    Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(f)    Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

(g)    Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT VII

### CONVERSION

86.    Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

87.    Defendants knowingly and purposely took and interfered with Plaintiffs' and all State Class members' personal property, *viz.*, the gratuities held in

the "tip pool," which monies Plaintiffs and all State Class members either possessed or to which they had an immediate right of possession. Specifically, Defendants improperly and intentionally diverted a portion of the "tip pool" to compensate employees who do not customarily and regularly receive tips, including members of management, at Plaintiffs' and all State Class members' expense. Upon information and belief, Defendants also took monies from the tip pool for themselves.

88.    The tip pool monies are segregated and identifiable, placed into envelopes by each contributor. Extensive records have been kept demonstrating the tips put into the pool by each employee after each shift. The amount of money contributed by each employee is recorded by the Defendants and distributed. Further, The Pennsylvania Department of Labor and Industry and the Internal Revenue Service require that the Defendants record where each dollar contributed by each employee went.

89.    Defendants further knowingly and purposefully took and interfered with Plaintiffs' and all State Class members' personal property interest in monies, which Plaintiffs and all State Class members either possessed or had an immediate right of possession through Defendants' requirement that Plaintiffs and all State Class members contribute out-of-pocket funds to the "tip pool," related to sales upon which no tip was provided.

90.    Defendants did not have permission or justification for their taking of such monies and exercised dominion and control over such monies.

91.    Defendants have unlawfully withheld the monies from Plaintiffs and all State Class members and have benefitted from their actions to the detriment of Plaintiffs and all State Class members.

92.    Defendants' actions were done with intent and actual malice, without justification, and were not taken in good faith.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)    Certify Count VII as a class action;

(b)    Enter judgment in favor of Plaintiffs and all State Class members and against Defendants, jointly and severally, for conversion of Plaintiffs' and all State Class members' property;

(c)    Award Plaintiffs and all State Class members the value of the converted property during the applicable statute of limitations period, in an amount to be shown at trial;

(d)    Award Plaintiffs and all State Class members punitive damages in an

amount to be determined by the jury;

(e)    Award Plaintiffs and all State Class members pre- and post-judgment

interest at the legal rate;

(f)    Award Plaintiffs and all State Class members their costs and

reasonable attorneys' fees incurred in bringing this action; and

(g)    Award Plaintiffs and all State Class members any other relief this

Court or a jury deems appropriate.

## COUNT VIII

## UNJUST ENRICHMENT

93.    Plaintiffs incorporate all previous paragraphs of this Complaint herein
by reference as if more fully set forth at length.

94.    Defendants' requirement that Plaintiffs and all State Class members
contribute monies for unlawful inclusion in the "tip pool" conferred a benefit upon
Defendants, who as Defendants, upon information and belief, retained such monies,
at least in part, and used the remainder to pay other employees' wages.

95.    Defendants appreciate and know of the benefit conferred upon them
by requiring Plaintiffs and all State Class members to contribute monies, otherwise
owned by them, to the "tip pool.

96.     Defendants have accepted and retained the benefit of the monies they unlawfully required Plaintiffs and all State Class members to contribute to the "tip pool."  Defendants' wrongful acceptance and retention of such monies makes it inequitable for them to retain the benefit of such monies without return of such monies to Plaintiffs and all State Class members.

WHEREFORE, Named Plaintiffs, Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., jointly and severally, as follows:

(a)     Certify Count VIII as a class action;

(b)     Enter judgment in favor of Plaintiffs and all State Class members and against Defendants, jointly and severally, for unjust enrichment;

(c)     Award Plaintiffs and all State Class members damages in the form of the monies they have contributed to the "tip pool" and/or were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)     Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action; and

(f)     Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiffs and all members of the FLSA and State Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

August 4, 2017_____                /s/ Derrek W. Cummings_____
Date                                 Derrek W. Cummings
                                     Bar I.D. No.:  PA 83286
                                     dcummings@mwcfirm.com

                                     Larry A. Weisberg
                                     Bar I.D. No.:  PA 83410
                                     lweisberg@mwcfirm.com

                                     Steve T. Mahan
                                     Bar I.D. No.:  PA 313550
                                     smahan@mwcfirm.com

                                     2041 Herr Street
                                     Harrisburg, PA 17103-1624
                                     (717) 238-5707
                                     (717) 233-8133 (FAX)

                                     *Counsel for Plaintiffs*