## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

RACHAEL BAILEY, HILLARY MAGUIRE and
DIANE KNEPP, individually and on behalf of all
others similarly situated,

               Plaintiffs

v.

DENNY'S BEER BARREL PUB, INC. d/b/a
DENNY'S BEER BARREL PUB, DENNIS F.
LIEGEY, SR. and DENNIS F. LIEGEY, JR.,

               Defendants

Case No. 3:17-cv-00142

Judge Gibson

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiffs Rachael Bailey, Hillary Maguire and Diane Knepp ("Named Plaintiffs"), as representatives of the collective plaintiff class described herein, and Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub ("Denny's") and Dennis F. Liegey, Jr. (collectively with Denny's as "Defendants"). The parties hereto shall collectively be referred to as the "Parties."

WHEREAS, the Named Plaintiffs were Servers at Defendant Denny's Beer Barrel Pub; and

WHEREAS, the Named Plaintiffs filed a Complaint in this action against Defendants, alleging that Defendants failed to pay them and other similarly situated Servers employed by Defendant Denny's Beer Barrel Pub minimum wage and/or overtime for hours worked in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"); and

WHEREAS, Defendants deny that they failed to pay the Named Plaintiffs or any other similarly situated employee minimum wage as required under the FLSA or PMWA at any time relevant hereto, deny that they owe any unpaid overtime compensation to the Named Plaintiffs or any similarly situated persons, and deny that they violated the FLSA or any other law, rule, or regulation relating to the compensation of the Named Plaintiffs or any similarly situated persons; and

WHEREAS, the Named Plaintiffs and Defendants have conducted informal discovery and exchanged documents, wage and hour data, and other information, allowing each party to understand and assess the substance of their respective claims and defenses; and

WHEREAS, a *bona fide* dispute exists between the Named Plaintiffs and Defendants as to whether the Named Plaintiffs and any similarly situated employees of Defendant Denny's Beer Barrel Pub during the applicable statute of limitations period were denied minimum wage or overtime compensation as required under the FLSA and PMWA and the amount, if any, of unpaid wages or overtime owed to the Named Plaintiffs or any similarly situated persons; and

WHEREAS, this Agreement is the product of lengthy negotiations between the Parties over the course of many months; and

WHEREAS, at all times, the settlement negotiations have been adversarial, non-collusive, and at arm's length; and

WHEREAS, the Named Plaintiffs and Defendants desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve, and dismiss with prejudice this dispute and the individual and collective claims of the Named Plaintiffs and any other individuals who opt in and join the resulting collective action for settlement purposes; and

NOW THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth, it is hereby stipulated and agreed by and between the Named Plaintiffs and Defendants that:

## I.    <u>DEFINITIONS</u>

The terms set forth herein shall have the meanings set forth herein wherever used in this Agreement.

1.1    "Approval Date" means the date on which the Court enters an order approving the instant settlement pursuant to 29 U.S.C. § 216(b).

1.2    The "Civil Action" means the above-captioned action.

1.3    For purposes of this Agreement, the "Class" is defined as all persons employed by Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub during the applicable statute of limitations period of August 4, 2015 through August 4, 2017, who contributed tips to the tip pool and/or were required to work more than forty (40) hours per week without being paid at overtime rates.

1.4    "Class Counsel" means Attorneys Larry A. Weisberg and Derrek W. Cummings of McCarthy Weisberg Cummings, P.C.

1.5    "Class Member" means any person who falls within the Class definition, as set forth in paragraph 1.3 herein and, as such, is eligible to recover under this Agreement.

1.6    The "Collective Class Period" means the period from August 4, 2015 through August 4, 2017.

1.7    "Global Settlement Amount" means $195,000.

1.8     "Net Settlement Amount" means the balance of the Global Settlement Amount after payments have been made from the Global Settlement Amount for any incentive award made by the Court to the Named Plaintiffs and attorneys' fees and costs.

1.9     "Opt-In Deadline" means the date by which Class Members must return their Opt-In Form to Class Counsel pursuant to Section IV herein.  The Opt-In Deadline shall be forty-five (45) days from the date on which the Opt-In Forms and Notices were mailed to the Class Members, as confirmed by the postmark on the return envelopes.

1.10    The "Parties" means the Named Plaintiffs and Defendants.

1.11    "Participating Settlement Class Member" means every Class Member, as defined herein, who chooses to participate in this settlement by completing and returning an Opt-In Form pursuant to the procedures described in Section IV herein.

1.12    "Released Claims" means any and all wage and hour and wage payment claims of whatever nature, which a Class Member may have against any of the Released Entities, as defined in paragraph 1.13 herein, whether known or unknown, as a result of any action or omission committed any time on or before the date of the Court's approval of the Settlement Agreement, whether under federal, state, and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the FLSA, the PMWA, and the Pennsylvania Wage Payment and Collection Law, all as amended, including without limitation any and all claims for unpaid overtime compensation, minimum wages, other wages, expenses, liquidated damages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, minimum wages, expenses, and other alleged wage and hour violations.

1.13    "Released Entities" means Defendants Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub ("Denny's"), Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr., and each

of their predecessors, successors, and assigns past and present, their past and present parents, subsidiaries, and divisions, their related or affiliated companies, and all owners, officers, directors, agents, insurers, attorneys, managers, employees, or trustees of any or all of the aforesaid persons or entities.

1.14    "Settlement Share" means each Participating Settlement Class Member's total share of the Net Settlement Amount based upon the calculation set forth in paragraph 3.1 herein.

## II.    RECITALS

2.1    Class Counsel has investigated the facts of the action, including an analysis of relevant documents related to the allegations made by the Named Plaintiffs on behalf of the Class, and has diligently pursued an investigation of the Class Members' claims against Defendants.  Based upon their investigation and evaluation, the Named Plaintiffs and Class Counsel believe that the settlement set forth in this Agreement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants, and potential appellate issues.

2.2    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Civil Action that exist between them.

2.3    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims against all Released Entities by all Participating Settlement Class Members.

2.4    Defendants deny that any Class Member is or was at any point denied compensation, including without limitation minimum wage and/or overtime, required under the

- 5 -

FLSA or the PMWA and deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.5    This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Entities.  The Parties further acknowledge and agree that neither this Agreement nor the settlement it formalizes shall be used to suggest an admission of liability in any dispute any of the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

## III.    <u>SETTLEMENT TERMS</u>

3.1    Each Participating Settlement Class Member shall be paid a pro-rated portion of the Net Settlement Amount based on the calculated tip credit and proportional tip out due to each Class Member during the Collective Class Period, less all applicable withholdings and previously authorized deductions.  Each Class Member's proportionate share of the Net Settlement Amount will be determined based upon these factors, and the Net Settlement Amount will then be apportioned accordingly by Class Counsel.

3.2    Each check for the Participating Settlement Class Members shall state that the check must be cashed within ninety (90) calendar days and the following:  "By endorsing this check, I hereby release all federal and state wage and hour claims that have been asserted or could have been asserted in the lawsuit titled *Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated* v. *Denny's Beer Barrel Pub, Inc. d/b/a*

*Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr.,* Case No. 3:cv-17-00142 in the United States District Court for the Western District of Pennsylvania, including known and unknown claims." Defendants shall mail the checks to the Participating Settlement Class Members.

3.3     The Settlement Shares will be considered wages for tax purposes. Defendants will issue Forms W-2 to each Participating Settlement Class Member in connection with these payments.

3.4     Defendants shall provide Class Counsel with a list of Class Members for this settlement, and Class Counsel shall provide Defendants' Counsel with a true and correct copy of the list of opt-in Participating Settlement Class Members.

3.5     Class Counsel intends to request that the Court award an incentive payment for Named Plaintiff Rachael Bailey equal to $3,500.00, and for Named Plaintiffs Hillary Maguire and Diane Knepp equal to $2,500.00 each. These incentive awards would be in addition to the Named Plaintiffs' individual Settlement Shares as Participating Settlement Class Members. Defendants take no position on any request for an incentive award for Named Plaintiffs in the amount listed herein. Should the Court award Named Plaintiffs an incentive award, said payment will be deducted from the Global Settlement Amount. The Agreement is not contingent on Court approval of the Named Plaintiffs' request for an incentive award.

3.6     Class Counsel will apply to the Court for an award of attorneys' fees and out-of-pocket costs and expenses incurred by all counsel for Named Plaintiffs and any Class Members in this Civil Action in an amount not exceeding $67,000.00. Defendants will not oppose such application.

3.7     Except for the fees, costs, and other expenses set forth in paragraph 3.6 herein, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Entities.

3.8     Any amount remaining in the Net Settlement Amount after payments to all Participating Settlement Class Members who otherwise meet the conditions for payment stated herein and the Notice shall revert to Defendants.  Any amount remaining in the Global Settlement Amount after payment of all expenses, incentive payments, and attorneys' fees (as set forth in paragraphs 3.5 and 3.6 herein) shall revert to Defendants.

## IV.    CLAIM PROCESS

4.1     Within fourteen (14) days after the Approval Date, Defendant shall provide to Class Counsel a list containing the names and last known addresses of all Class Members eligible to participate in the settlement.  Class Counsel will send a Collective Action Settlement Notice (the "Notice") substantially in the form attached hereto as Exhibit A and an Opt-In Form substantially in the form attached hereto as Exhibit B to all Class Members, by first class mail, along with a self-addressed stamped return envelope, within fourteen (14) days after receipt of the class data from Defendants.

4.2     In order to participate in the distribution of the settlement proceeds and be bound by the terms of this Agreement, Participating Settlement Class Members must complete and return to Class Counsel the Opt-In Form on or before the Opt-In Deadline, as described in the Notice.  All Opt-In Forms post-marked on or before the deadline shall be deemed to be timely.

4.3     Within fourteen (14) days following the Opt-In Deadline, Class Counsel will forward to Defendants' counsel all of the returned Opt-In Forms.  Within twenty-one (21) days following receipt of the Opt-In Forms, Defendants will issue payment to all Participating Settlement Class Members.

4.4     Participating Settlement Class Members shall have ninety (90) calendar days after the mailing of the settlement checks to them by Defendants to cash their settlement checks.  If any Participating Settlement Class Member does not cash his/her check within that 90-day period, such checks will be void and a stop-pay notice will be placed.

## V.     <u>RELEASES</u>

5.1     Upon the negotiation of a settlement check, each Participating Settlement Class Member shall be deemed to, and shall have, released and discharged all Released Entities with respect to all Released Claims.  If a Participating Settlement Class Member fails to cash his/her settlement check within the time period provided in paragraph 4.4 herein, said Participating Settlement Class Members will be deemed to have waived irrevocably any right in or claim to a Settlement Share, but this Agreement, and the Release and Confidentiality and Public Comment provisions contained herein, nevertheless will be binding upon them.

5.2     Every Participating Settlement Class Member shall be deemed to and shall have knowingly and voluntarily waived, released, discharged, and dismissed the Released Claims, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

## VI.     DUTIES OF THE PARTIES TO OBTAIN COURT APPROVAL

6.1     In connection with the approval by the Court of the Agreement, Class Counsel and Counsel for Defendants will submit a proposed final order and judgment:

(a)     Granting approval to the Agreement as fair and reasonable under 29 U.S.C. § 216(b) and directing consummation of its terms and provisions; and

(b)     Dismissing the Civil Action on the merits and with prejudice and permanently barring all Participating Settlement Class Members, including the Named Plaintiffs, from prosecuting against any Released Entities any of the Released Claims; and

(c)     Retaining jurisdiction to enforce the terms of the Agreement.

6.2     This Agreement is conditioned upon the Court's approval of this Agreement and the terms set forth herein and shall not take effect unless and until the Court approves the Parties' settlement.

## VII.     PARTIES' AUTHORITY

7.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2     All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VIII.   MUTUAL FULL COOPERATION

8.1     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such

documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.    SETTLEMENT OF DISPUTES

9.1    All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

## X.    NOTICES

10.1    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Class or to any Class Member:

Larry A. Weisberg, Esquire
Derrek W. Cummings, Esquire
McCarthy Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110


To the Defendants:

Kelley E. Kaufman, Esquire
Adam R. Long, Esquire
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166

## XI.    MODIFICATION

11.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

XII.    **ENTIRE AGREEMENT**

12.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

XIII.    **CHOICE OF LAW/JURISDICTION**

13.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Western District of Pennsylvania.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

XIV.    **COUNTERPARTS**

14.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

XV.    **CONFIDENTIALITY AND PUBLIC COMMENT**

15.1    The Parties and their counsel will not issue any press release or participate in any communication or contact with the media regarding this settlement or any other matter

related to this litigation. If the Parties and/or their counsel are contacted by the media, they will inform them only that the case has been amicably resolved.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

**McCARTHY WEISBERG CUMMINGS, P.C.**

Dated: 6-8 , 2018        By _____

Larry A. Weisberg
Derrek W. Cummings
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Phone: (717) 238-5707
Fax: (717) 233-8133

*Attorneys for Named Plaintiffs and the collective plaintiff class*

Dated: June 11 , 2018        **McNEES WALLACE & NURICK LLC**

By _____

Kelley E. Kaufman
Adam R. Long
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 237-5248
Fax: (717) 260-1786

*Attorneys for Defendants Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub ("Denny's"), Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr.*

EXHIBIT "A'

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL BAILEY, HILLARY MAGUIRE and DIANE KNEPP, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-00142 |
| Plaintiffs | |
| v. | Judge Gibson |
| DENNY'S BEER BARREL PUB, INC. d/b/a DENNY'S BEER BARREL PUB, DENNIS F. LIEGEY, SR. and DENNIS F. LEIGEY, JR., | |
| Defendants | |

DATE OF NOTICE:
**[DATE]**

**TO:    [CLASS MEMBER NAME]**

### COLLECTIVE ACTION SETTLEMENT NOTICE

**You are receiving this Notice because you may be entitled to money from a settlement with Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr. involving claims that the company failed to properly pay wages to certain employees from August 4, 2015 until August 4, 2017 (the "FLSA Class").**

**YOU MUST TAKE ACTION TO RECEIVE PAYMENT UNDER THE SETTLEMENT.**

**THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

Notice is hereby given that a proposed Settlement Agreement and Release of Claims ("Settlement") of the collective action lawsuit entitled *Rachael Bailey, Hillary Maguire and Diane Knepp, individually and on behalf of all others similarly situated* v. *Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr.* (the "Litigation") has been reached and has been approved by the United States District Court, Western District of Pennsylvania (the "Court").

Your award under the terms of the settlement, is based on the amount of tips you contributed to the tip pool and/or hours you were required to work in excess of forty (40) hours per week without being paid at overtime rates between August 4, 2015 and August 4, 2017.

## A.     <u>PURPOSE OF THIS NOTICE</u>

This Notice is to inform you how to receive money that you are entitled to under the settlement of a collective action lawsuit alleging that Denny's Beer Barrel Pub, Inc. d/b/a Denny's Beer Barrel Pub, Dennis F. Liegey, Sr. and Dennis F. Liegey, Jr. (collectively "Denny's") violated the Fair Labor Standards Act ("FLSA") by failing to pay certain employees for tips and for certain overtime hours worked. Denny's records show that you may be due tips and/or overtime wages for work performed during the class period. ***To receive any money under the Settlement, you must complete the Consent to Join form and return it to the Settlement Administrator as set forth below.***

## B.     <u>DESCRIPTION OF THE LITIGATION</u>

Plaintiff contends that, under the FLSA, employees of Denny's who contributed to the tip pool and/or were required to work more than forty (40) hours per week without being paid at overtime rates between August 4, 2015 and August 4, 2017, are owed additional wages.

Denny's strongly denies all liability for such claims and has asserted a number of factual and legal defenses to Plaintiffs' claims. Nonetheless, without admitting any liability and in the interest of resolving this dispute, Denny's has entered into the Settlement. The Court has made no ruling on the merits of Plaintiffs' claims or Denny's defenses. However, the Court has approved the proposed Settlement and conditionally certified the case as a collective action.

## C.     <u>YOUR OPTIONS</u>

Denny's records indicate you are a member of the Class and are therefore entitled to participate in the Settlement. You have two options in responding to this Notice:

1. **To receive money from the Settlement, you must complete the Consent to Join form and return it postmarked no later than [45 days from mailing date], to the following:**

   **McCarthy Weisberg Cummings, P.C.**
   **2704 Commerce Drive, Suite B**
   **Harrisburg, PA 17110**

2. **If you do not complete and return the Consent to Join form, you will not be part of the Settlement or the lawsuit, you will not receive money from the Settlement, and the lawsuit and Settlement will have no effect on you. Because of the statute of limitations applicable to the case, and because you have not opted-in to the litigation, if you do not join this Settlement you may lose any right you may have to recover in the future for any claim you may have for all or part of any alleged unpaid wages during the relevant time period.**

### D.    SUMMARY OF PRINCIPAL TERMS OF THE SETTLEMENT

**1.    Settlement Terms.**  This settlement provides that Denny's will stipulate to certification of a collective action for the FLSA claims for settlement purposes, and shall pay up to $195,000.00 (the "FLSA Settlement Fund") to settle the claims of FLSA Class Members who consent to join.  Eligible employees who complete and timely return the Claim Form and Release will receive a portion of the FLSA Settlement fund, calculated based on the calculated tip credit and proportional tip out due to each Class Member.  Each Class Member's proportionate share of the Settlement Fund will be determined based upon these factors, and the Settlement Fund will then be apportioned accordingly, in an amount not less than the amount stated at the top of this Notice.

**2.    Class Member Taxes.**  All distributions to Class Members will be deemed wages and reported on a W-2 Form.  Payments that are issued to Class Members shall reflect all applicable withholdings and previously authorized deductions.  Nothing contained in this Notice or in the Settlement is intended as or should be interpreted as providing tax advice.  Class Members should consult their tax advisors concerning the tax consequences of any payment they receive.

The administrative costs associated with this settlement, including the cost of notice, claims administration, and any other costs of settlement, shall be paid from the FLSA Settlement Fund. Class Counsel will apply to the Court for attorneys' fees in an amount not to exceed 33 1/3% of the FLSA Settlement Fund and up to $2,000 in out-of-pocket costs and expenses, to be paid from the FLSA Settlement Fund.

Plaintiffs will apply for an Incentive Award of $3,500 for Lead Plaintiff Rachel Bailey and $2,500 each for Lead Plaintiffs Hillary Maguire and Diane Knepp for their time and effort prosecuting the litigation, to be paid from the FLSA Settlement Fund.

**3.    Release.**  The Settlement provides that each person who completes and returns the Consent to Join form and receives his/her settlement check waives and releases Denny's and its related entities and persons from all Released Claims.  Release Claims, as defined in the Settlement Agreement, means any and all wage and hour and wage payment claims of whatever nature, which a Class Member may have against any of the Released Entities, as defined in paragraph 1.13 of the Settlement Agreement, whether known or unknown, as a result of any action or omission committed any time on or before the date of the Court's approval of the Settlement Agreement, whether under federal, state, and/or local law, statute, ordinance, regulation, common law (including conversion and/or unjust enrichment), or other source of law, including but not limited to the FLSA, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, all as amended, including any and all claims for unpaid overtime compensation, minimum wages, other wages, expenses, liquidated damages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, minimum wages, expenses, and other alleged wage and hour violations.

**4.    No Admission of Liability.**  Denny's denies any wrongdoing or liability.  The Settlement reflects a compromise of disputed claims and does not mean that Denny's or any of its related entities violated any state or federal wage requirements or are liable for the same.

## E.    <u>ADDITIONAL INFORMATION</u>

This Notice only summarizes the lawsuit, the Settlement, and related matters.  For more information, you may contact Plaintiffs' Counsel:  Derrek W. Cummings or Larry A. Weisberg at the law firm of McCarthy Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA 17110 (Tele: 855-716-2367).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL BAILEY, HILLARY MAGUIRE and DIANE KNEPP, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-00142 |
| Plaintiffs | |
| v. | Judge Gibson |
| DENNY'S BEER BARREL PUB, INC. d/b/a DENNY'S BEER BARREL PUB, DENNIS F. LIEGEY, SR. and DENNIS F. LEIGEY, JR., | |
| Defendants | |

## CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to be a party plaintiff in the foregoing action. I understand that this lawsuit seeks unpaid compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the Named Plaintiffs as my representatives and, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. I consent and agree to settle my claims alleging unpaid overtime work and/or minimum wages in connection with the above-referenced lawsuit. I choose to be represented by the law firm McCarthy Weisberg Cummings, P.C., and other attorneys with whom they may associate.

Date:_____        _____
                                                                    **[PRINTED NAME]**

**Return this completed form to:**
**McCarthy Weisberg Cummings, P.C.**
**2704 Commerce Drive, Suite B**
**Harrisburg, PA 17110**